UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGELO SCHIRALDI, )
)
Plaintiff, )
)
vs. ) CASE NO. 6:10-cv-547-Orl-28GJK
)
QUALITY ONE WIRELESS, )
INC., Q1W PAYROLL, LLC and )
JOHN CHIORANDO, )
individually, )
)
Defendants. )

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, ANGELO SCHIRALDI ("Plaintiff"), and Defendants, QUALITY ONE WIRELESS, LLC, Q1W PAYROLL, LLC and JOHN CHIORANDO (collectively, "Defendants"), through their undersigned counsel and pursuant to Local Rule 3.01(g), jointly move the Court to approve the settlement reached by the parties in this case and state as follows:

1. On or about April 13, 2010, Plaintiff filed the Complaint in the United States District Court for the Middle District of Florida. (Dkt. No.1). Plaintiff seeks unpaid overtime compensation, liquidated damages, and attorney's fees and costs for Defendants' alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*.

2. The parties have successfully come to an agreement to resolve this dispute and now seek approval of the settlement from the Court. A copy of the Settlement Agreement between Defendants and Plaintiff is filed herewith as Exhibit "A."

3. The settlement provides that Defendants will pay Plaintiff a total of $17,000.00, consisting of the following payments: (1) $5,250.00 in allegedly unpaid overtime compensation to Schiraldi; (2) $5,250.00 in liquidated damages to Schiraldi; and (3) $6,500.00 in attorney's fees and costs.

4. In exchange for these payments, Plaintiff agrees to release Defendants from the claims brought in the Complaint and any other claims he may have against Defendants.

5. The parties agree this is a fair and reasonable settlement of a bona fide dispute.

## MEMORANDUM OF LAW

**A.  Standard of Review.**

Pursuant to the case law of this Circuit, judicial review and approval of this tentative settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn*,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at

2

1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

 (1) the existence of fraud or collusion behind the settlement;
 (2) the complexity, expense, and likely duration of the litigation;
 (3) the stage of the proceedings and the amount of discovery completed;
 (4) the probability of plaintiff's success on the merits;
 (5) the range of possible recovery; and
 (6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. Jan. 8, 2007); *see also Hill v. Florida Industrial Elec., Inc.*, No. 6:06-cv-915-Orl-31JGG, 2007 U.S. Dist. LEXIS 9498, at *6, (M.D. Fla. Feb. 9, 2007); *Pacheco v. JHM Enterprises, Inc., et al.*, No. 6:05-cv-1247-Orl-JGG, at *4 (M.D. Fla. Apr. 12, 2006). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at * 2-3; *see also Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

**B. All of the Relevant Criteria Support Final Approval of the Settlement.**

First, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, Plaintiff was independently represented by counsel. Plaintiff was represented by Hunter H. Chamberlin, Esquire of Chamberlin Patrick, P.A., and Defendants were represented by Nicole A. Sbert, Esquire of Jackson Lewis LLP. All counsel involved have extensive experience in litigating claims under the Fair Labor Standards Act, including claims for unpaid overtime compensation. Each counsel was obligated to and did vigorously represent their clients' rights. Based on the amount to be paid to Plaintiff, it is clear that there was no fraud or collusion.

The complexity, expense, and length of future litigation also militate in favor of this settlement. Plaintiff and Defendants continue to disagree over the merits of the claim asserted by Plaintiff. Plaintiff contends Defendants misclassified his position as exempt and did not pay him overtime compensation to which he was entitled under the FLSA. Defendants maintain that Plaintiff was properly classified and was paid all wages owed. If the parties continued to litigate this matter, they would be forced to engage in costly and protracted litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Third, there has been sufficient investigation and exchange of information to allow counsel and the Court to act intelligently in this matter. The parties exchanged information regarding Plaintiff's hours and pay. In agreeing upon the proposed settlement, the parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

Plaintiff's probability of success on the merits and the amount he would be awarded is also uncertain, further suggesting that this settlement is fair and appropriate. Plaintiff asserts, and Defendants deny, they are owed overtime compensation due to Defendants' alleged violation of the FLSA. The range of possible recovery by Plaintiff is also open to dispute. Even if Plaintiff succeeds on the merits of his claims, which would require substantial additional time and exercise of resources by both parties, the amount of his recovery is uncertain.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *6-7, (M.D. Fla. Dec. 21, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). Provided

"the plaintiff's attorneys' fee is agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of the fees paid to his attorney, the Court [should] approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Management Company*, 2009 U.S. Dist. LEXIS 68075, 2009 U.S. Dist. LEXIS 68075 *16 (M.D. Fla. 2009).

In this case, the fee to be paid as part of the resolution of Plaintiff's claim was agreed upon by the parties separately and without regard to the amount paid to Plaintiff. Plaintiff's FLSA claims were not compromised by the deduction of attorney's fees, costs, or expenses pursuant to a contract or otherwise. Accordingly, because the settlement is reasonable on its face and Plaintiff's recovery was not adversely affected by the amount of the fees paid to his attorney, the Court should approve the settlement.

## CONCLUSION

The settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter a Final Order of Dismissal in this action.

WHEREFORE, Plaintiff, ANGELO SCHIRALDI and Defendants, QUALITY ONE WIRELESS, LLC, Q1W PAYROLL, LLC and JOHN CHIORANDO, respectfully request that this Honorable Court enter an Order (i) GRANTING this Motion; (ii) APPROVING the settlement of Plaintiff's claims under the Fair Labor Standards Act; (iii) DISMISSING this case with prejudice; and (iv) ORDERING such further relief as the Court deems appropriate.

Dated this 2th day of September, 2010

Respectfully submitted,

| | |
|---|---|
| CHAMBERLIN PATRICK, P.A.,<br>3001 N. Rocky Point Drive East<br>Suite 200<br>Tampa, Florida  33607<br>Telephone:   (813) 374-2216<br>Facsimile:    (813) 234-4510 | JACKSON LEWIS LLP<br>390 North Orange Avenue, Suite 1285<br>Post Office Box 3389<br>Orlando, Florida 32802-3389<br>Telephone:    (407) 246-8440<br>Facsimile:    (407) 246-8441 |
| By:  */s/ Hunter H. Chamberlin*<br>       Hunter H. Chamberlin<br>       Florida Bar No. 527793<br>       hunter@chamberlinpatrick.com | By:  */s/ Nicole A. Sbert*<br>       Nicole A. Sbert<br>       Florida Bar No. 0896861<br>       sbertn@jacksonlewis.com |
| Attorneys for Plaintiff, ANGELO SCHIRALDI | Attorneys for Defendants QUALITY ONE WIRELESS, LLC, Q1W PAYROLL, LLC and JOHN CHIORANDO |

4841-2690-5095, v. 1

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGELO SCHIRALDI,

　　　　Plaintiff,

vs.                                    CASE NO. 6:10-cv-547-Orl-28GJK

QUALITY ONE WIRELESS,
INC., Q1W PAYROLL, LLC and
JOHN CHIORANDO,
individually,

　　　　Defendants.

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made this ___ day of _____ 2010, by and among ANGELO SCHIRALDI ("Plaintiff"), and QUALITY ONE WIRELESS, INC., Q1W PAYROLL, LLC and JOHN CHIORANDO (collectively "Defendants").

WHEREAS, Plaintiff instituted the above-referenced case in the United States District Court for the Middle District of Florida, Orlando Division; and

WHEREAS, Defendants deny liability herein and any wrongdoing with respect to Plaintiff; and

WHEREAS, Plaintiff and Defendants wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matter is hereby resolved as follows:

1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **RETURN OF PROPERTY**. Plaintiff represents that, as of the date of this Agreement, he has returned any and all documents, lists, data, confidential information, trade secrets, equipment or other property in his possession belonging to Defendants.

3. **GENERAL RELEASE OF CLAIMS**.

    a. This Agreement shall constitute a waiver and release of all claims Plaintiff might have under federal, state or local law (including, but not limited to, actions for compensatory damages, pain, suffering and emotional distress) against Defendants.

    b. Plaintiff shall withdraw, in writing and with prejudice, any and all actions or proceedings that he has filed against Defendants. Specifically, Plaintiff shall dismiss the above-styled case, with prejudice, by causing his counsel to execute and file, or to consent to the filing of, the Joint Motion for Approval of Settlement and Dismissal with Prejudice attached as Exhibit "A" to this Agreement and General Release, within twenty-four (24) hours of his counsel-of-record's receipt of a fully-executed copy of this Agreement.

    c. Plaintiff hereby knowingly and voluntarily releases and forever discharges Defendants, individually and cumulatively, and Defendants' respective parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present and future directors, officers, shareholders, members, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees") of and from any and all claims, whether

known, unknown, anticipated, unanticipated, disclosed or undisclosed, against any of the Releasees which Plaintiff has or might have as of the date of execution of this Agreement, including, but not limited to, any claims arising out of or in any way connected with Plaintiff's employment with Defendants. Such claims include, but are not limited to, any claim that has been, could have been or could be alleged under:

> Title VII of the Civil Rights Act of 1964, as amended;
>
> The Civil Rights Act of 1991;
>
> Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
>
> The Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (except for any vested benefits under any tax qualified benefit plan);
>
> The Immigration Reform and Control Act, as amended;
>
> The Americans with Disabilities Act of 1990 (the "ADA"), as amended;
>
> The Age Discrimination in Employment Act of 1967 (the "ADEA"), as amended;
>
> The Worker Adjustment and Retraining Notification Act, as amended;
>
> The Occupational Safety and Health Act, as amended;
>
> The Family and Medical Leave Act, as amended;
>
> The Sarbanes-Oxley Act of 2002;
>
> The Florida Civil Rights Act – Fla. Stat. § 760.01, et seq.;
>
> Florida's Private-Sector Whistle-blower's Act – Fla. Stat. § 448.101, et seq.;
>
> Florida's Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers Compensation Claim – Fla. Stat. § 440.205;
>
> Florida's Statutory Provision Regarding Wage Rate Discrimination Based on Sex – Fla. Stat. § 448.07;
>
> The Florida Equal Pay Act – Fla. Stat. § 725.07;

The Florida Omnibus AIDS Act – Fla. Stat. § 760.50;

Florida's Statutory Provisions Regarding Employment Discrimination on the Basis of and Mandatory Screening or Testing for Sickle-Cell Trait – Fla. Stat. §§ 448.075, 448.076;

Florida's Wage Payment Laws, Fla. Stat. §§ 448.01, 448.08;

Florida's Domestic Violence Leave Act – Fla. Stat. §741.313;

Florida's Preservation & Protection of Right to Keep & Bear Arms in Motor Vehicles Act – Fla. Stat. §790.251;

Florida's General Labor Regulations, Fla. Stat. ch. 448;

Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;

Any public policy, contract, tort, or common law; or

Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants or any other Releasee identified in this Agreement is a party.

4. **SETTLEMENT SUMMARY**.

a. Within fourteen (14) business days after the latest of: (1) Plaintiff's delivery to Defendants' counsel of an executed original of this Agreement and W-9 forms executed by Plaintiff and Plaintiff's counsel, (2) the Court's dismissal of this action with prejudice, and (3) the expiration of revocation period described in paragraph 9 below without Plaintiff revoking his acceptance of this Agreement, then, in consideration of the matters set

forth herein, Defendants shall pay to Plaintiff the total sum of Seventeen Thousand Dollars and Zero Cents ($17,000.00) (hereinafter "Settlement Sum") less applicable deductions as described below. Such Settlement Sum shall be allocated as follows:

- $5,250.00, made payable to Angelo Schiraldo (Social Security No. XXX-XX-XXXX), as and for unpaid overtime compensation allegedly due him, which amount shall be subject to deductions and withholdings and for which an IRS Form W-2 shall issue to Angelo Schiraldo.

- $5,250.00, made payable to Angelo Schiraldo (Social Security No. XXX-XX-XXXX), as and for alleged liquidated damages, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to Angelo Schiraldo; and

- $6,500.00, made payable to Chamberlin Butler & Crowe, P.A. (FEIN: 26-2933281), as attorneys' fees and costs and for which separate IRS Forms 1099 shall issue to Angelo Schiraldo and Butler & Crowe, P.A. *See Commissioner of Internal Revenue v. Banks* and *Commissioner of Internal Revenue v. Banaitis*, 543 U.S. 426 (2005) and U.S. Treasury Regulation 1.6045-5.

Plaintiff understands and acknowledges that he would not receive the payments specified in this paragraph, except for his execution of this Agreement, including the General Release contained herein, and his fulfillment of the promises contained herein.

    b. Defendants make no representation as to the taxability of the amounts paid to Plaintiff. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiff agrees to indemnify Defendants and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or his attorneys under the terms of this Agreement.

  5. **AFFIRMATIONS**. Plaintiff affirms that he has not filed, caused to be filed, or presently is party to any claim, complaint, or action against Defendants in any forum or form, except Case No. 6:10-cv-547-ORL-28GJK. Plaintiff further affirms that, upon his receipt

of the settlement sum, he will have been paid and/or have received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to him, except as provided in this Agreement and General Release. Plaintiff furthermore affirms that he has no known workplace injuries or occupational diseases, has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act and has not been retaliated against for taking such leave. Plaintiff affirms he is not in violation of any restrictive covenant agreements or confidentiality agreements between Plaintiff and Defendants. Plaintiff acknowledges that because of circumstances unique to him including, but not limited to, irreconcilable differences with Defendants, he is not qualified to hold any position with Releasees, as defined in Paragraph 3.c, above, now or in the future and, therefore, shall not apply in the future for employment with Releasees. If Plaintiff does apply for employment with or is hired by Releasees in the future, Plaintiff shall be subject to immediate termination. This is a negotiated, non-retaliatory settlement term.

    6.    **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of any liability, unlawful conduct of any kind or violation by Defendants of the laws identified in paragraph 3 herein.

    7.    **CONFIDENTIALITY**.

        a.    This Agreement shall not be filed with any court or introduced in any proceeding except when required to obtain approval hereof, to enforce this Agreement or where this Agreement will be a defense.

        b.    Except as required by law, rule, regulation or subpoena, neither

Plaintiff nor his representatives, including, but not limited to, his attorneys, shall disclose to any person or entity any information whatsoever regarding: (i) the substance of this action; (ii) the facts surrounding this action or Plaintiff's claims or any facts of alleged unlawful or improper conduct by Defendants; (iii) the existence or substance of this Agreement; or (iv) any matters pertaining to this action. If asked about the disposition of Plaintiff's claims, Plaintiff, or his representatives, will state only that "...this matter has been resolved to the satisfaction of all parties concerned." The above limitation does not include Plaintiff's disclosure of such information to any attorneys, accountants and professional tax advisers with whom he chooses to consult or seek advice regarding his consideration of and decision to execute this Agreement.

8. **OPPORTUNITY TO REVIEW.** Plaintiff acknowledges that he is aware that he is giving up all claims he may have against Defendants, their respective parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers and their past and present directors, officers, shareholders, members, employees, agents, insurers and attorneys. Plaintiff acknowledges that he has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that he has consulted with his counsel-of-record, Hunter H. Chamberlin, Esquire, prior to executing this Agreement. Plaintiff signs this Agreement voluntarily.

9. **REVOCATION.** Plaintiff acknowledges and agrees that he has been afforded at least twenty-one (21) days to consider the meaning and preclusive effect of this Agreement and is entering into it freely and knowingly. Any revocation within this period must be submitted, in writing, to Nicole A. Sbert, Esq., JACKSON LEWIS LLP, 390 N. Orange Ave., Suite 1285, Orlando, Florida 32801 and state, "I hereby revoke my acceptance of our Agreement and General Release." The revocation must be personally delivered to Nicole A. Sbert, Esq. or

her designee, or mailed to Nicole A. Sbert, Esq. and postmarked within seven (7) calendar days of execution of this Agreement and General Release. This Agreement and General Release shall not become effective or enforceable until the revocation period has expired. If the last day of the revocation period is a Saturday, Sunday, or legal holiday in the state in which Plaintiff was employed at the time of his last day of employment, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday.

10.  **WAIVER OF JURY TRIAL**. Plaintiff and Defendants hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to any claims arising in connection with the facts underlying Plaintiff's claims and/or this Agreement.

11.  **NO PARTICIPATION IN CLAIMS**. Plaintiff understands that if this Agreement were not signed, Plaintiff would have the right to voluntarily assist other individuals or entities in bringing claims against Defendants. Plaintiff hereby waives that right and will not provide any such assistance other than assistance in an investigation or proceeding conducted by the United States Equal Employment Opportunity Commission. The parties further agree that Plaintiff may provide information pursuant to any valid subpoena, provided that Plaintiff first notifies Defendants in writing of the proposed disclosure in order to provide them a reasonable opportunity to seek a Protective Order.

12.  **SEVERABILITY**. Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

13.  **VENUE AND GOVERNING LAW**. This Agreement shall be governed

by the laws of the State of Florida without regard to its conflict of law's provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Middle District of Florida.

14. **ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between Plaintiff and Defendants and it supersedes any and all prior oral or written agreements, understandings, representations or warranties among the parties. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to sign this Agreement, except those set forth in this Agreement.

15. **AMENDMENTS.** This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

PLAINTIFF IS HEREBY ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT AND GENERAL RELEASE AND TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT AND GENERAL RELEASE.

PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT AND GENERAL RELEASE DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD. THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE; THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND

HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH "4" ABOVE, ANGELO SCHIRALDI, KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE, INDIVIDUALLY OR COLLECTIVELY, AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: _____, 2010    _____
                                ANGELO SCHIRALDI

STATE OF FLORIDA    )

COUNTY OF _____ )

SWORN TO AND SUBSCRIBED before me this 09 day of _____, 2010, by Angelo Schiraldi, who is personally known to me or has produced _____ as identification.

_____
Notary Public
State of Florida

ANDRE' LAMONT STEWART
Notary Public - State of Florida
My Comm Expires Jul 18, 2014
Commission # EE 9636

Dated: 8/11/10, 2010

QUALITY ONE WIRELESS, LLC and
Q1W PAYROLL, LLC

By: *Robert Staats*
Robert Staats
Chief Financial Officer

Dated: 8/11/10, 2010

By: *John Chiorando*
John Chiorando